UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JERMAINE LEVAR SUGGS,

              Petitioner,

v.                                      Civil No. 2:22cv123
                                        Criminal No. 2:20cr77

UNITED STATES OF AMERICA,

              Respondent.

### OPINION AND ORDER

This matter is before the Court on Jermaine Levar Suggs'
("Petitioner") motion to vacate his conviction and sentence
pursuant to 28 U.S.C. § 2255.  ECF No. 67.  Relying in part on
developing case law decided prior to his guilty plea and
sentencing, Petitioner contends that his counsel's performance was
constitutionally deficient and that Petitioner's guilty plea was
involuntary.  Id.

### I. BACKGROUND

In February of 2021, Petitioner pled guilty, pursuant to a
written plea agreement, to two counts of an eight-count indictment:
Count One – Conspiracy to Manufacture, Distribute, and Possess
with Intent to Manufacture and Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and
Count Eight – Possess, Use, and Carry Firearms in Furtherance of
and in Relation to Drug Trafficking Crimes, in violation of 18

U.S.C. § 924(c)(1)(A).  ECF No. 1, at 1; ECF No. 35, at 1.  In consideration of Petitioner's guilty plea to Counts One and Eight, the Government agreed to dismiss, and later moved to dismiss, the remaining six counts against Petitioner, including multiple substantive drug trafficking counts.  ECF No. 1; ECF No. 35, at 5. The § 924(c) firearm offense (Count Eight) to which Petitioner pled guilty was, by its express terms, predicated not only on the drug trafficking conspiracy charged in Count One, but also on the substantive drug crimes charged in Counts Two through Six.  ECF No. 1, at 5.

Prior to the Court accepting Petitioner's guilty plea, the Court conducted a detailed Rule 11 colloquy.  This colloquy included Petitioner confirming, under oath and on the record, that Petitioner's lawyers reviewed with him both "what the government ha[d] to prove for [him] to be found guilty of the charges in this case" and the evidence that his lawyers "believe[d] the government could present against [him] in this case."  ECF No. 71, at 8-9. The Court also reviewed the elements of the crimes to which Petitioner was pleading guilty, including the following exchange on Count One:

> Q. Now, you are charged with, first, conspiracy to manufacture, distribute, and possess with the intent to distribute cocaine, heroin, and fentanyl.  So, here is what they have to prove for you to be found guilty of that.  First of all, that you conspired with somebody. That means you agreed with somebody else to do this.  It doesn't have to be in writing, but it has to be a

conspiracy. Second, that you knew what you were doing at the time, that you knew you were conspiring to manufacture, distribute, or dispense cocaine, heroin, or fentanyl. Do you agree that the government could prove each of those elements against you?

A. No, Your Honor.

Q. You don't agree with that?

A. I -- I mean, yeah, I guess I do.

Q. Well, if you don't agree with it –

A. I do.

Q. -- you have the right –

A. I just got mixed up. I do.

Id. at 20. The Court went on to explain the "agreement" element of the charged drug trafficking conspiracy, again stating that the agreement does not have to be in writing, but that Petitioner had to "work together" with someone else. Id. After Petitioner had an opportunity to confer with his counsel, the Court rephrased the question — "So, the question is: Do you agree that you were in a conspiracy to do these things, that you and somebody else worked together to do it?" Id. at 21. Petitioner responded, "Yes, Your Honor." Id.

Following his plea of guilty to Counts One and Eight, on July 16, 2021, Petitioner was sentenced to 260 months' imprisonment, consisting of 200 months on Count One and 60 consecutive months on Count Eight. ECF No. 59. This sentence represented a substantial downward variance from the sentence recommended by the advisory

sentencing Guidelines.  ECF No. 61, at 26.  Petitioner did not appeal his conviction or sentence.[1]

On March 31, 2022, Petitioner filed the instant motion seeking relief under 28 U.S.C. § 2255.  ECF No. 67.  After obtaining filing extensions, the Government filed a brief in opposition on July 29, 2022, ECF No. 80, and the Court received Petitioner's reply on August 29, 2022.  After reviewing the parties' briefs and relevant portions of the record, the Court finds that an evidentiary hearing is necessary with respect to one of Petitioner's claims (defense counsel's alleged failure to file an appeal), with the record conclusively demonstrating that Petitioner is not entitled to relief on any of the other claims.  See R. Gov. § 2255 Proc. in U.S. Dist. Cts. 8(a).

## II. STANDARD OF REVIEW

A federal prisoner may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  To obtain such relief, a petitioner must prove by a preponderance of the evidence (1) that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," (2) that the district court "was without jurisdiction to impose such sentence," (3) that the sentence exceeds "the maximum authorized by law," or

---

[1] Petitioner's written plea agreement contains an appeal waiver, and the Court reviewed the waiver with Petitioner at the plea hearing.  ECF No. 35, at 4; ECF No. 71, at 17.

(4) that the sentence or conviction is "otherwise subject to collateral attack." Id.; Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

While a § 2255 motion enables a petitioner to collaterally attack his sentence or conviction by initiating a new proceeding, the existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle" applies because, once a petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 165-66. For this reason, the doctrine of procedural default prevents a district court from reaching the merits of most § 2255 claims that could have been raised on direct appeal.

However, a § 2255 petitioner need not overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). To obtain relief based on an allegation of

ineffective assistance of counsel, a petitioner must establish two things: (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) that counsel's inadequate performance resulted in prejudice to the petitioner. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Conclusory statements are insufficient to carry a petitioner's burden. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000))).

Satisfying the first prong of Strickland requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts strongly presume that counsel exercised reasonable professional judgment, and only in "relatively rare situations" will a § 2255 motion establish that, "'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which means he must show that "there is a reasonable probability that, but for counsel's

6

unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The prejudice prong is slightly modified where, as here, a petitioner challenges a conviction entered after a guilty plea; in such circumstances, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### III. DISCUSSION

Petitioner's motion advances multiple claims grounded in his lawyer's purported failure to provide constitutionally effective assistance. Petitioner alleges that counsel performed deficiently by failing: (1) to recognize that Petitioner's § 924(c) firearm conviction could not be predicated on a drug trafficking conspiracy; (2) to recognize the absence of evidence establishing that Petitioner engaged in a drug conspiracy; (3) to inform Petitioner that his codefendant was, in actuality, an "accessory after the fact"; (4) to explain the relevant law governing conspiracy and § 924(c) predicate crimes,[2] causing Petitioner to

---

[2] A conviction under 18 U.S.C. § 924(c) requires that the defendant commit a "predicate" crime of violence or drug trafficking crime and possess a firearm in conjunction with such crime. Here, the identified predicate crimes are "drug trafficking" crimes, a term that is defined in 18 U.S.C. § 924(c)(2).

enter an involuntary guilty plea; and (5) to follow Petitioner's express direction to file a notice of appeal. Petitioner also appears to directly challenge the voluntariness of his guilty plea, though the basis for such claim is grounded in the same theories as his challenges regarding his counsel's performance. For the reasons explained below, Petitioner's § 2255 motion is **DENIED** as to all claims except his failure to appeal claim. That claim is **TAKEN UNDER ADVISEMENT** pending an evidentiary hearing.

### A. Section 924(c) Firearm in Furtherance Claims

Petitioner alleges that his lawyer provided constitutionally deficient representation with respect to the validity of Petitioner's § 924(c) conviction, further alleging that the deficient advice caused Petitioner to enter an involuntary guilty plea. Regardless of how the § 924(c) challenge is framed, it fails as a matter of law because Petitioner incorrectly asserts that a § 924(c) firearm conviction cannot be predicated on a federal drug trafficking conspiracy committed in violation of 21 U.S.C. § 846. Alternatively, even if Petitioner's legal analysis were correct, his § 2255 claim would fail because his § 924(c) conviction was predicated on multiple drug trafficking crimes that did not depend on the government proving a "conspiracy."

First, as argued by the Government, Petitioner's efforts to demonstrate that the § 846 conspiracy charged in Count One is an invalid predicate crime for the § 924(c) firearm offense charged

in Count Eight fail as a matter of law because § 924(c) defines a predicate "drug trafficking crime" as including "<u>any felony punishable under the Controlled Substances Act</u>." 18 U.S.C. § 924(c)(2) (emphasis added). A § 846 drug trafficking conspiracy is a felony punishable under the Controlled Substances Act, which is fatal to Petitioner's § 2255 claim. <u>United States v. Clanton</u>, No. 21-4495, 2022 WL 2555973, at *1 n.2 (4th Cir. Mar. 29, 2022), <u>cert. denied</u>, 143 S. Ct. 252 (2022). The cases Petitioner relies on in support of his contrary position, including <u>United States v. Norman</u>, 935 F.3d 232 (4th Cir. 2019), address the legal definition of a "controlled substance offense" under the federal sentencing Guidelines, a definition that differs from the definition of "drug trafficking crime" under § 924(c)(2). Petitioner's reliance on those cases "is therefore misplaced." <u>Clanton</u>, 2022 WL 2555973, at *1 n.2; <u>see</u> <u>United States v. Tipton</u>, No. 3:22cv99, 2022 WL 5249440, at *8 (E.D. Va. Oct. 6, 2022) (citing recent published cases from circuit courts holding that a federal "drug distribution conspiracy . . . remains a valid [§ 924(c)] predicate").

Second, even if Petitioner's § 846 conspiracy conviction (Count One) was not a valid predicate under § 924(c), his § 924(c) conviction (Count Eight) was not predicated solely on the conspiracy charged in Count One, but rather, also relies on the substantive drug crimes charged in Counts Two through Six. <u>See</u>

ECF No. 1, at 5 (charging firearm possession "during and in relation to" five federal drug-related felonies, including "possession with intent to distribute controlled substances, as charged in Counts Three, Four, and Five"). The Fourth Circuit has long held that "§ 924(c) convictions do not require a conviction on the predicate" underlying offense, but instead only require that there be sufficient evidence to support a conviction on the underlying offense. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); see Johnson v. United States, 779 F.3d 125, 129 (2d Cir. 2015) ("Every circuit court to have considered the issue has concluded that § 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed."). Here, the "Statement of Facts" Petitioner signed in conjunction with his guilty plea demonstrates his admission to receiving, storing, packaging, and distributing "fentanyl, heroin, and cocaine"; these admissions are further supported by "three controlled purchases" of heroin that the DEA made from Petitioner. ECF No. 36 ¶¶ 2-3. Therefore, Petitioner's § 2255 claim challenging the validity of his § 924(c) conviction fails even assuming that his conviction on Count One is an invalid predicate crime. See United States v. Crawley, 2 F.4th 257, 263 (4th Cir. 2021), cert. denied, 142 S. Ct. 819 (2022) ("[A] § 924(c) conviction based on one valid and one invalid predicate offense

remains sound," including in cases "in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate.").

Because Petitioner's efforts to call the validity of his § 924(c) conviction into question fail under well-established law, he is unable to demonstrate that his counsel provided constitutionally deficient performance, that he suffered any resulting prejudice, or that his guilty plea was involuntary. All of Petitioner's claims that rely on the asserted invalidity of his § 924(c) conviction are therefore denied.[3]

## B. Drug Conspiracy Claims

Petitioner offers several challenges grounded in the contention that there is insufficient evidence to establish that Petitioner entered into an agreement to manufacture, distribute, or possess with intent to distribute controlled substances. Specifically, Petitioner asserts that because his alleged co-conspirator was, at most, an "accessory after the fact," his counsel's advice regarding the existence of a conspiracy was constitutionally deficient. Similarly, Petitioner asserts that his plea to the conspiracy count was involuntary because he did

---

[3] It is unclear whether Petitioner attempts to advance a procedurally defaulted direct challenge to the validity of his § 924(c) conviction, but even if he advanced such a claim and overcame any procedural infirmity, the claim would fail on the merits for the same reasons discussed above.

not understand that his conduct did not satisfy the elements of the charged offense.

First, Petitioner's post-plea assertion that there was insufficient evidence to prove a drug trafficking conspiracy is belied by Petitioner's own sworn admissions in this case. In conjunction with his plea agreement, Petitioner signed the Statement of Facts describing some of the facts that the Government would have proven at trial in the absence of his plea, ECF No. 36, and confirmed under oath that the Statement of Facts is true, ECF No. 71, at 9. In the Statement of Facts, Petitioner admits that if he had proceeded to trial, the United States would have proven beyond a reasonable doubt that he "was a member of a drug-trafficking conspiracy that operated in Norfolk and Virginia Beach," and that he "conspired with codefendant Maria Anne BARCO and others to purchase, manufacture, distribute, and possess with intent to manufacture and distribute at least 400 grams of fentanyl, 100 grams of heroin, and 500 grams of cocaine." ECF No. 36 ¶ 1 (emphasis added). Petitioner further admitted that he "received, stored, packaged, and distributed" the listed types of drugs "and kept firearms to protect his drug trade" at a residence that he shared with his girlfriend Barco. Id. ¶ 2.

Additionally, as outlined in the Statement of Facts, just before Petitioner was arrested, he sent Barco a text message asking her to remove drugs and guns from their shared residence. Id.

¶ 4.  Barco complied, but, even so, a search of the residence led to the seizure of nearly two kilograms of cocaine from a bedroom safe as well as multiple firearms, cellphones, a quantity of heroin/fentanyl, and drug packaging materials.[4]  Id. ¶¶ 4-9. Petitioner's post-conviction effort to deny the existence of an "agreement" with Barco (or others) directly conflicts with his prior sworn statements made at the time of his guilty plea.  These arguments are therefore rejected.  See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").  In light of his prior sworn admissions, Petitioner fails to satisfy either prong of the Strickland test as to his newly asserted allegation that there was insufficient evidence to support a conspiracy conviction.  He likewise fails to prove that his guilty plea was involuntary.

---

[4] Petitioner's attempt to portray Barco as an "accessory after the fact" by focusing solely on Barco's actions on the day of his arrest overlooks the remainder of the record evidence supporting a "conspiracy" that he swore was true at the time of his plea.  Furthermore, as noted by the Government, the Statement of Facts expressly indicates that it "does not describe all of the defendant's conduct relating to the offenses charged in this case, and . . . does not identify all of the persons with whom the defendant may have engaged in illegal activities."  ECF No. 36 ¶ 11.

Second, to the extent it is proper for the Court to look behind Petitioner's prior sworn statements to determine whether, as he now alleges, defense counsel misled Petitioner into admitting his guilt in the absence of sufficient evidence to prove a conspiratorial agreement, further exploration into the record serves only to confirm the existence of a conspiracy. In reviewing the record, the Court need look no further than the fact that Petitioner's girlfriend Barco was not only charged as a codefendant in this case, but thereafter pled guilty to Count One and admitted under oath that she participated with Petitioner in the drug conspiracy charged in that count. Barco admitted in her own Statement of Facts that, as suggested above, the conspiracy was not limited to Barco's efforts to hide evidence from police on the date of Petitioner's arrest, but rather, spanned "from 2019 to January 10, 2020." ECF No. 43 ¶ 1. Furthermore, as part of her sworn admissions, Barco not only broadly stipulated to her participation in the conspiracy with Petitioner, but she specifically admitted to "help[ing] SUGGS receive, store, package, and distribute fentanyl, heroin, and cocaine" at the residence "in Virginia Beach, where they resided together." Id. ¶ 2. These admissions from Petitioner's codefendant are fatal to his § 2255 claim.

Third, assuming that Petitioner's direct challenge to the voluntariness of his guilty plea and/or the validity of his

conspiracy conviction is procedurally proper, the claim nonetheless fails on the merits for the same reasons discussed above. Notably, Petitioner fails to advance a colorable claim that he did not participate in a drug trafficking conspiracy, which wholly undercuts his contention that he pled guilty without knowing that his conduct could not satisfy the elements of Count One.

In sum, contrary to Petitioner's newly advanced claim relying on the purported absence of a conspiratorial "agreement" and/or his purported lack of knowledge regarding the law governing crimes charged under § 846, both his and his codefendant's sworn admissions demonstrate the existence of a § 846 conspiracy. Petitioner therefore plainly fails to demonstrate that his counsel provided constitutionally deficient advice or that Petitioner suffered resulting prejudice. Petitioner likewise fails to demonstrate that his guilty plea was involuntary. Petitioner's ineffective assistance claims predicated on the alleged absence of a conspiratorial agreement and his challenge to the voluntariness of his guilty plea are therefore denied.

### C. Failure to File an Appeal

Petitioner's final claim asserts that, notwithstanding his appeal waiver: (1) Petitioner asked his lawyer to file an appeal on the day Petitioner was sentenced; and (2) his lawyer failed to do so. ECF No. 67, at 31. The Fourth Circuit has held that "an attorney renders constitutionally ineffective assistance of

counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007).  Where a petitioner provides sworn evidence that he directed his counsel to file a notice of appeal and counsel files an affidavit denying such claim, an evidentiary hearing is typically necessary to determine which account is credible.  See United States v. Diaz, 547 F. App'x 303, 304 (4th Cir. 2013) (finding that the district court abused its discretion in denying an evidentiary hearing where there were conflicting sworn statements about whether the petitioner asked his counsel to file a notice of appeal); United States v. King, 679 F. App'x 297, 298-99 (4th Cir. 2017) (explaining that "an evidentiary hearing is especially warranted" in a case where there are material factual disputes regarding non-frivolous issues that "turn upon credibility determinations and relate primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light") (citations omitted).

Here, Petitioner expressly asserts that he "specifically requested his defense counsel . . . to file a Notice of Appeal." ECF No. 67, at 31.  Moreover, Petitioner signed both his § 2255 motion and the attached memorandum "under penalty of perjury." Id. at 12, 21.  Petitioner's former counsel has submitted an

affidavit denying that he was ever asked to file an appeal, ECF No. 80-2, creating a credibility issue. Based on the existence of conflicting sworn statements, and in the absence of any other record evidence that could independently demonstrate which version of events occurred, resolving this issue will require an evidentiary hearing. Diaz, 547 F. App'x at 304. This claim for relief is therefore taken under advisement.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is **DENIED** on the merits as to all claims, with the exception of Petitioner's claim challenging his lawyer's failure to file an appeal. Petitioner's ineffective assistance claim associated with his appeal is **TAKEN UNDER ADVISEMENT** pending an evidentiary hearing.[5] The Clerk is **DIRECTED** to appoint a new defense attorney to represent Petitioner at such hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). As soon as new counsel is appointed, counsel for Petitioner and counsel for the Government shall confer regarding mutually agreeable hearing dates and should contact the undersigned Judge's calendar clerk to schedule an evidentiary

---

[5] After the evidentiary hearing, the Court will resolve the outstanding claim by written order and will inform Petitioner of his right to seek a certificate of appealability as to all denied claims.

17

hearing.[6]  Counsel shall ensure that the date chosen for the hearing affords the United States Marshals Service adequate time to transport Petitioner to this Court as Petitioner **will be required** to appear at the evidentiary hearing.

The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, the United States Attorney's Office in Norfolk, Virginia, and the United States Marshals Service.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March **3** , 2023

---

[6] Counsel may wish to coordinate available dates with Petitioner's prior attorney, who likely will be a necessary witness at the evidentiary hearing.

18